UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STEVON KINGLOCK,

    Plaintiff,

vs.

PROGRESSIVE EXPRESS
INSURANCE COMPANY,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant PROGRESSIVE EXPRESS INSURANCE COMPANY (hereinafter "Progressive") files this Notice of Removal to remove the foregoing cause to the United States District Court for the Southern District of Florida and respectfully submits as follows:

### STATEMENT OF THE GROUNDS FOR REMOVAL

This Notice of Removal is based on diversity jurisdiction pursuant to 28 U.S.C. §1332 (a)(1) and 28 U.S.C. §1441(a).

### BASIS FOR DIVERSITY JURISDICTION

1. Plaintiff, Stevon Kinglock, commenced this action in the 17th Judicial Circuit in and for Broward County, Florida styled Stevon Kinglock v. Progressive Express Insurance Company, Case No. 16-020954. Attached hereto as **Exhibit A** is a true and correct copy of the complaint in the Action (the "Complaint")
2. Defendant was served with the Complaint on December 2, 2016.
3. This Notice is filed within thirty (30) days of the date that Progressive first received a copy of the Complaint and determined that the Action was removable. Therefore, this Notice is filed in compliance with 28 U.S.C. § 1446(b).

4. Following the filing of this Notice with the Court, written notice of the filing of same will be provided to the attorney for Plaintiff as well as with the Clerk of Court for the 17th Judicial Circuit as required by law.

5. Attached to this Notice are true and correct copies of all process, pleadings, orders and other papers or exhibits of every kind on file with the state court and served on Mr. Winston, pursuant to 28 U.S.C. § 1446(a). See **Exhibit B.**

6. Defendant Progressive Express Insurance Company is headquartered in Ohio and its principal place of business is also in Ohio.

7. Plaintiff Kinglock is a citizen of Florida.

8. The Complaint merely alleges that the amount of damages exceeds $15,000.00. However when a Plaintiff does not plead a specific amount of damages, Defendant may prove by preponderance of evidence that the amount in controversy exceeds $75,000.00 for removal purposes. Rowe v. U.S. Bancorp, 569 F. App'x 701, 703 (11th Cir. 2014) (citing Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001)).

9. Plaintiff's Complaint demands substantial medical expenses, lost wages, diminished earning capacity, pain and suffering, etc. Based on these allegations, the amount in controversy likely exceeds $75,000.

10. In addition, Defendants may enter Plaintiff's pre-suit demand letter, attached as **Exhibit C**, as evidence to prove the amount in controversy is over $75,000.

11. Settlement offers, demand letters, and even emails estimating damages have been held to qualify as "other relevant papers" to prove the amount in controversy under 28 USC §1332. Lowery v. Ala. Power Co., 483 F.3d 1184, 1213 n. 62 (11th Cir.2007). Demand letters or settlement offers, by themselves, "may not be determinative, [but they] count[ ] for something." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir.1994). Crutchfield v. State Farm Mut. Auto. Ins. Co., No. 6:12-CV-1656-ORL-37, 2013 WL 616921, at *1 (M.D. Fla. Feb. 19, 2013)

12. This Court may analyze whether the demand letter merely "reflect puffing and posturing," or whether they provide "specific information to support the plaintiff's claim for damages" and thus offer a "reasonable assessment of the value of [the] claim." Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-CV-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010).

13. In his pre-suit demand letter, Plaintiff attached actual bills from the providers that amounted to greater than $193,566.29. Even putting aside, Plaintiff's intent to also claim money for future medical costs, loss of past and potential earnings, pain and suffering, etc., the amount in controversy is far over $75,000 just based on the bills from providers alone.

14. To the extent the Court requires any additional information from Defendant on any of the points raised above, by way of a declaration or otherwise, the undersigned will promptly provide it to the Court.

## CONCLUSION

1. Because there is complete diversity of citizenship between the actual and real parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs, all applicable requirements have been met, and the Action is properly removed to this Court.

I HEREBY CERTIFY that on the 3rd day of January, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notice of Electronic Filing.

*/s/ Robert O'Malley*
Robert O'Malley, Esquire
Florida Bar No. 15577
WICKER, SMITH, O'HARA,
McCOY & FORD, P.A.
Attorneys for Progressive Express Insurance Company
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
Ft. Lauderdale, FL 33301
Phone: (954) 847-4800
Fax: (954) 760-9353
ftlcrtpleadings@wickersmith.com